## George P. Humphrey v. Charles H. Hurd and others.

*Grantor : Possession : Presumptions : Mortgagee in possession.* One who remains in possession of lands after having conveyed them to another will be presumed to hold in subordination to his conveyance; and this presumption would be strengthened instead of weakened by his taking an assignment of a mortgage given to his grantee on a sale by the latter of the premises; and his rights thereafter would be no greater than those of a mortgagee in possession.

*Mortgagee in possession : Title : Equity of redemption.* The mere assumption of a mortgagee, evidenced by his giving a deed, that he has title in fee, cannot bar the equity of redemption ; nor can an occasional occupation under such deed, or any occupation short of a continuous and notorious one adverse to the right to redeem, give it that effect.

*Mortgagor : Mortgagee : Possession : Foreclosure.* A mortgagor is entitled under our statutes to recover the possession from his mortgagee at any time before his rights have been foreclosed in some manner.

*Submitted on briefs January 9. Decided January 29.*

Error to Cheboygan Circuit.

*W. S. Humphrey* and *Trowbridge & Atkinson*, for plaintiff in error.

*George W. Bell* and *D. C. Holbrook*, for defendants in error.

COOLEY, J.

This was an action of ejectment commenced in 1872 to recover certain premises in Cheboygan. The plaintiff claimed title through several intermediate conveyances from Jacob Sammons, who deeded to William Scott, February 23, 1850. Scott deeded to Bela Chapman, February 27, 1851, taking back a mortgage for the purchase price, payable in lumber. Sammons seems to have remained in possession after having deeded to Scott, and on November 29, 1851, Scott assigned to him the Chapman mortgage. On the same day Sammons gave a mortgage of the premises to one Douseman, and a year later gave a deed to one Belote, under whom Baker, the real party in interest as defendant, now claims. Baker relied, in part at least, upon adverse possession; but there was evidence that the premises had not been continuously occupied since Sammons deeded to Belote, but on the other hand had been unoccupied for the greater part of the time. On request of the defendants the court charged the jury that if they should find Sammons was in possession at the time the Chapman mortgage was assigned to him, and that Chapman and his grantees have not been in possession since, it must be presumed, as matter of law, that the defendants claim and hold under the conveyance from Sammons to Belote, and the others proved in the case, and the plaintiff cannot recover. Under this instruction the jury gave verdict for defendants.

We have been unable to concur in the view taken by the circuit judge of this case. Sammons, remaining in possession after deeding to Scott, was presumptively holding in subordination to his conveyance.—*Bloomer v. Henderson, 8 Mich., 395; Dawson v. Danbury Bank, 15 Mich., 489.*

This presumption would be strengthened instead of weakened by his taking an assignment of a mortgage given on a sale of the premises by his grantee, as that act would be inconsistent with any idea that he was then claiming adversely to the mortgagor's title.    The most that could afterwards be claimed by Sammons would be that he was entitled to the rights of a mortgagee in possession.    True, this possession eventually, if he distinctly refused to recognize the rights of Chapman and his grantees, might ripen into an absolute title; and his deed to Belote, which assumed to convey the fee, might be evidence of such a refusal.    But surely the mere assumption of the mortgagee, evidenced by his giving a deed, that he has title in fee, cannot bar the equity of redemption; nor can an occasional occupation of the premises under such deed give it that effect.    The occupation must not only be adverse to the right to redeem, but it must be continuous and notorious, so that the owner of the equity of redemption, if reasonably diligent to protect his rights, shall be in no doubt as to their being denied.    And until his rights are foreclosed in some manner, he is entitled by the statute to recover possession.—*Caruthers v. Humphrey, 12 Mich., 270.*

This view requires a reversal of the judgment.    The record presents a further question regarding the admissibility in evidence of the record of Baker's deed, but as we cannot see how that was material, and cannot suppose it will arise again, we do not consider it.

The judgment must be reversed, with costs, and a new trial ordered.

GRAVES, CH. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.