———o———

## Hiram Wagar v. Francis C. Stone and others.

*Mortgages: Title: Security: Right of possession.* A mortgage in this state conveys no title to the mortgagee, but is a security merely for the debt; and the mortgagee before foreclosure has no legal interest in the mortgaged premises and is not entitled to possession.

*Mortgages: Foreclosures: Receivers: Rents and profits: Right of possession.* The mortgagor being entitled under the statute (*Comp. L.,* § *6263*) to the possession, and consequently to the rents and profits of the mortgaged

premises, until such time as his title is divested by a perfected foreclosure, it is not competent to cut short his rights in this regard by means of a receiver appointed in the foreclosure suit.

*Heard April 10. Decided April 24.*

Appeal in Chancery from Kalamazoo Circuit.

*Severens, Boudeman & Turner,* for complainant, cited: *Kerr on Receivers, 1, 36, 41–3, 46, 47, 49, and cases cited; Edwards on Receivers, 53–55, 60, 351; Berney v. Sewell, 1 J. & W., 648; Sturch v. Young, 5 Beav., 557; Ackland v. Graverner, 31 Beav., 484; Silver v. Bishop, 3 Swan, 115, n; High on Receivers, §§ 640, 658; Williams v. Robinson, 16 Conn., 524; Beverly v. Brooke, 4 Gratt., 209; Cortleyen v. Hathaway, 3 Stock., 39; Reid v. Middleton, T. R., 255; Aberdeen v. Chitty, 3 Y. & C., 379; Meaden v. Sealey, 6 Harr. Ch., 620; Holmes v. Bell, 2 Beav., 298; Payne v. Atterbury, Harr. Ch., 414; 4 Kent Com., 152; Reade v. Hamlin, Phill. Eq., 128; Brown v. Chase, Walk. Ch., 43; Noyes v. Rich, 52 Me., 115; State v. Northern Ry. Co., 18 Md., 193; Henshaw v. Wells, 9 Humph., 567; Bank of Ogdensburg v. Arnold, 5 Paige, 38; Syracuse City Bank v. Tallman, 31 Barb., 201; Post v. Dorr, 4 Edw. Ch., 412; Hyman v. Kelly, 1 Nev., 187; Sea Ins. Co. v. Stebbins, 8 Paige, 565; Howell v. Ripley, 10 Paige, 43; Astor v. Turner, 11 Paige, 436; Shotwell v. Smith, 3 Edw. Ch., 588; Lofsky v. Manjer, 3 Sandf. Ch., 69; Quincy v. Cheeseman, 4 Id., 381; Finch v. Houghton, 19 Wis., 149.*

*Henry C. Briggs,* for defendant Stone, cited: *Comp. L., § 6263; Mundy v. Monroe, 1 Mich., 68; Baker v. Pierson, 5 Mich., 456; Caruthers v. Humphrey, 12 Mich., 270; Crippen v. Morrison, 13 Mich., 23; Ladue v. D. & M. R. R. Co., 13 Mich., 380; Newton v. Sly, 15 Mich., 391; Hogsett v. Ellis, 17 Mich., 351; 1 Hilliard on Mort., 199; Zeiter v. Bowman, 6 Barb., 133; Weidner v. Foster, 2 Penn., 23; Myers v. White, 1 Rawle, 355; Syracuse, etc., v. Tallman, 31 Barb., 201.*

MARSTON, J:

The complainant, March 31, 1875, filed his bill to foreclose a mortgage given by defendants Henry and Mary Ann Wagar December 16, 1872. Stone, having bid in a portion of the mortgaged premises at a sale thereof April 6, 1874, on an execution issued in his favor, was made a party defendant. After the cause was at issue, complainant filed

his petition praying that a receiver might be appointed to take charge of, harvest, thresh and market a crop of wheat then growing upon the mortgaged premises, and to have the proceeds thereof applied upon the mortgage debt. Notice was given and a hearing had upon the petition, and a receiver was appointed to harvest and sell the wheat and to bring the proceeds thereof into court. On the 26th day of April, 1876, the receiver filed his report showing one hundred and six dollars and ninety-one cents in his hands, the net proceeds of the wheat. This amount was by order of the court paid over to the register. The premises were on the 8th day of April, 1876, sold under the foreclosure proceedings, and after applying the proceeds of said sale, there was still due the complainant a large balance. Upon the 26th day of April, 1876, complainant filed his petition asking for an order directing the register to pay to him the amount theretofore paid into court by the receiver, to be applied on the balance due upon his mortgage debt. A hearing was had, the prayer of the petitioner denied, and the amount ordered to be paid to Stone, the execution purchaser of the premises upon which the wheat was grown. From this order complainant appealed.

It has become the well settled doctrine in this state that a mortgage conveys no title to the mortgagee. It is but a security for the debt, and until the title passes upon a foreclosure and sale of the property, the mortgagee has no legal interest in the land, and is not entitled to the possession.—*Hogsett v. Ellis, 17 Mich., 363; Ladue v. Detroit & M. R. R. Co., 13 Mich., 380; Van Husan v. Kanouse, 13 Mich., 303; Caruthers v. Humphrey, 12 Mich., 270.*

The mortgagor is entitled to the possession during the proceedings taken to foreclose the mortgage and until a sale has been made and the title of the purchaser has become absolute, and until the title has become absolute upon a foreclosure of the mortgage, an action of ejectment cannot be maintained by the mortgagee, his assigns or representatives, to recover possession of the mortgaged premises.

WAGAR *v.* STONE.

—*2 Comp. L.*, § *6263*. Since the passage of this act, which prevents the mortgagee from obtaining possession until he has acquired an absolute title to the mortgaged premises, the mortgage binds only the lands. The rents and profits of the land do not enter into or form any part. of the security. At the time of giving the security both parties understand that the mortgagor will, and that the mortgagee will not, be entitled to the rents, issues or profits of the mortgaged premises, until the title shall have become absolute upon a foreclosure of the mortgage. Until the happening of this event, the mortgagor has a clear right to the possession and to the income which he may derive therefrom, and the legislature by the passage of this statute contemplated that he should have such possession and income to aid him in paying the debt. It would be a novel doctrine to hold that the mortgagee had a right to the profits incident to ownership, and yet that he had neither a legal title or right to possession. The legislature, in depriving him of the means of enforcing possession, intended thereby also to cut off and deprive him of all rights which he could have acquired, in case he obtained possession before acquiring an absolute title. To deprive him of this particular remedy, and yet allow him in some other proceedings to, in effect, arrive at the same result, would be but a meaningless proceeding, and would not be securing to the mortgagor those substantial rights which it was the evident intent he should have.

We do not overlook the fact that a contrary doctrine has been held elsewhere under a similar statute. We cannot avoid thinking, however, that for us to so hold would be but a mere evasion of our statute. We are of opinion, therefore, that complainant was not entitled to the moneys paid into court by the receiver, as under our statutes such an officer could not be appointed.

The order of the court below must be affirmed, with costs.

The other Justices concurred.