44 503
77 294

44 503
115 303

44 503
146 578

44 503
147 2596

44 503
152 2576

## CHARLES S. HAZELTINE v. MATILDA J. GRANGER.

*Mortgage of lands—Inequitable stipulations—Ex parte receiverships.*

Courts of equity cannot appoint receivers except when such appointment is allowed by law (Comp. L. § 5070) and there is no statute authorizing them to make *ex parte* orders appointing a receiver to take possession of real estate under foreclosure, even though the parties themselves agree thereto by the terms of the mortgage.

Act 62 of 1843 (Comp. L. § 6263) forbids ejectment by a mortgagee before foreclosure absolute. *Held*, that this prevents a mortgagee from obtaining under his mortgage any interest beyond that of a security to be enforced only by a sale on foreclosure, and that it debars him from any right of possession.

Any provision in a mortgage of lands which permits ejectment on a mere default in payment, or allows an *ex parte* order for a receiver of rents and profits, or destroys in advance the equity of redemption is contrary to equity and a court of chancery will not enforce it.

Appeal from the Superior Court of Grand Rapids. Submitted October 22. Decided October 27.

FORECLOSURE. Defendant appeals. Reversed.

*McLaren & Carroll* for complainant.

*Harvey Joslin* for defendant.    A provision in a mortgage depriving the mortgager of possession by an *ex parte* proceeding on default in paying interest, is unconscionable and will not be enforced in chancery: *Chambers v. Livermore* 15 Mich. 381; *Beecher v. M. & P. R. M. Co.* 40 Mich. 307; *Arnold v. Bright* 41 Mich. 207.

CAMPBELL, J.   Hazeltine filed his bill to foreclose a mortgage for $3400 due in five years from March 1, 1878, with interest at 7 per cent. payable semi-annually.   One instalment of interest having, as is claimed, remained unpaid, the bill sets forth an election to have the whole sum become due, it being averred that this was provided for in the mortgage, as well as a fee of fifty dollars on each proceeding to foreclose.   It also avers that the mortgage secured to the mortgagee a right to the rents and profits after default, and the right to have a receiver appointed without notice.   It appeared that the property was occupied as Mrs. Granger's dwelling.

The Superior Court of Grand Rapids, when the bill was filed, made an *ex parte* order at once on such filing, appointing a receiver to take possession of the premises, and dispose of the rents as therein directed.   Defendant at once made a motion to set aside this order, which was refused, and she appeals.

We think the court had no power to grant the order, which is unprecedented even under the old practice, both for requiring no security and for having no basis of facts to authorize it.

The courts in equity have no power to appoint receivers except " when such appointment is allowed by law."   Comp. L., § 5070.   There is no statute which authorizes the court to carry out *ex parte* any private agreement of parties outside of the usual course, or which would render its action valid in any case if it deprived a person of property or its control without such a hearing as is required to determine

the right. Under the old practice existing at a time when the possessory right was deemed covered by a mortgage, a court of equity would not interfere to grant a receiver unless two conditions coincided: *first*, that the premises were scanty security; and *second*, that the mortgagor was insolvent. *Brown v. Chase* Walk. Ch. 43.

Even this was regarded as contrary to public policy by our Legislature, and in 1843 the old law was changed so as to secure the mortgagor in his possession until a forclosure had become absolute. The effect of this, as we have several times decided, was to prevent the mortgagee from obtaining under his mortgage any interest beyond that of a security to be enforced only by sale on foreclosure, and to debar him from any right of possession. *Hogsett v. Ellis* 17 Mich. 363; *Baker v. Pierson* 5 Mich. 456; *Caruthers v. Humphrey* 12 Mich. 270; *Crippen v. Morrison* 13 Mich. 23; *Ladue v. D. & M. R. R. Co.* 13 Mich. 380; *Van Husan v. Kanouse* 13 Mich. 303; *Newton v. Sly* 15 Mich. 391; *Humphrey v. Hurd* 29 Mich. 44; *Newton v. McKay* 30 Mich. 380; *Wagar v. Stone* 36 Mich. 364.

The statute does not say that no ejectment shall lie unless there is an agreement to that effect, but that it shall not lie at all. Every mortgage made in common law form contains words whereby, if applied as they read, possession would belong to the mortgagee and his title would become absolute by default. The whole aim of equity was to arrest this forfeiture and not to allow the language of a mortgage to have any force against the equity of redemption. The statute is a further step in the same direction for the protection of mortgagors against agreements which, as literally drawn and as theretofore expounded, were deemed dangerous, and against public policy. The language of this mortgage expressly granting rents and profits on default is no stronger than the previous words of grant, and is really narrowed. It was no doubt intended to go further and to evade the statute. If it had contained an agreement that ejectment should lie, it could not very well be enforced against the clause of the statute prohibiting it. It can have no greater force in

enlarging the jurisdiction of equity to appoint receivers, which we held, in *Wagar v. Stone*, had been abolished. Any such attempt to create a forfeiture is contrary to equity and equity will not enforce it. The same principle which makes all original agreements void which destroy the equity of redemption in advance, must cover a partial as well as complete destruction. In *Batty v. Snook* 5 Mich. 231, it was held that where an agreement was in fact a mortgage, an executory agreement to give up the equity of redemption on default was void, and would violate the doctrine which had annulled the common law forfeiture. If mortgagees can evade the law by requiring a forfeiture of something a little less than the entire freehold, but nevertheless covering its usufruct, the beneficial effect of the modern legislation and to a considerable extent of the previous equitable doctrine will be wiped out.

We think the mortgage cannot be so enforced in equity as to deprive defendant of possession. As this is a mortgage of nothing but real estate, it is free from any questions which may possibly be mooted concerning other securities.

The order appointing a receiver must be reversed with costs of this court and ten dollars costs of motion in the Superior Court. If the receiver has got into possession it must be restored and all rents repaid without any deduction.

The other Justices concurred.