Wm. D. Hagar and Wesley L. Jukes v. William C. Coup.

*Jurisdiction of municipal court—Non-residence.*

The Superior Court of Detroit has no jurisdiction unless at least one of the parties is a resident of the city.  Act 97 of 1879.

The right to sue out a writ of error should be contested upon a motion to dismiss the writ, supported by proper showing.

Error to Superior Court of Detroit.   Jan. 10.—Jan. 18.

Assumpsit.   Defendant brings error.   Reversed.

*George S. Hosmer (Griffin, Dickinson, Thurber & Hosmer)* for appellant.   Where residence is jurisdictional it must be averred in the pleadings: *Turner v. Bank of North*

*America* 4 Dal. 11; *Bingham v. Cabot* 3 Dal. 382; *Emory v. Grenough* id. 369; *Turner v. Enrille* 4 Dal. 7; *Mossman v. Higginson* id. 12; *Abercrombie v. Dupuis* 1 Cr. 343; *Course v. Stead* 4 Dal. 22; *Wood v. Wagnon* 2 Cr. 9; *Capron v. Van Noorden* id. 126; *Hodgson v. Bowerbank* 5 Cr. 303; *Montalet v. Murray* 4 Cr. 46; *Sullivan v. Fulton Steamboat Co.* 6 Wh. 450; *Jackson v. Twentyman* 2 Pet. 136; *Morgan v. Callender* 4 Cr. 370; *Brown v. Keene* 8 Pet. 112; *Dred Scott v. Sandford* 19 How. 402; the averment cannot be waived, for consent does not give jurisdiction: *Jackson v. Ashton* 8 Pet. 148; *Exp. Schollenberger* 96 U. S. 377; see *Hornthall v. Collector* 9 Wal. 560; *Mason v. Rollins* 13 Wal. 602; *Exp. Smith* 94 U. S. 455.

*Henry M. Cheever* for appellee. Michigan cases in which judgment has been held void for want of a showing of jurisdiction on the face of the pleadings are cases in which judgment was taken by default: *Outhwite v. Porter* 13 Mich. 533; *McEwan v. Zimmer* 38 Mich. 765; *Booth v. Conn. Mut. Life Ins. Co.* 43 Mich. 299; *Bagley v. Pridgeon* 42 Mich. 550; *Atkins v. Borstler* 46 Mich. 552; where both parties are residents of the State one of them must live in the county where suit is brought: *Turrill v. Walker* 4 Mich. 179; *Haywood v. Johnson* 41 Mich. 598.

MARSTON, J. We are of opinion that under the Act of 1879 and the case of *Bagley v. Pridgeon* 42 Mich. 551, residence of at least one of the parties in the city of Detroit is essential to confer jurisdiction upon the Superior Court, and that the parties cannot confer jurisdiction where none is given by the statute. Any other view would enable parties, if so disposed, to submit to and bring into that court all classes of personal actions from any part of the State.

If the appellees disputed the right of counsel to sue out

the writ of error in this case, they should on motion and a proper showing have moved to dismiss the writ.

The judgment must be reversed with costs of both courts.

The other Justices concurred.