88 N. W. Rep. 734.

---

PETER J. McCLORY *vs.* B. S. RICKS, *et al.*

---

Ejectment—Evidence—Pleading.

> This action is brought to recover the possession of land. The complaint alleges that the plaintiff owns the land in fee simple, and that the defendants unlawfully entered upon the land, and wrongfully withhold the possession from the plaintiff. Defendants answer jointly, and deny that plaintiff owns the land, and allege that the defendant B. S. Ricks owns the land in fee, and that the defendant Olson holds under Ricks. The answer alleges as a defense no equitable title or right whatsoever. At the trial evidence was offered by the defendants which was pertinent to the defense of title as alleged in Ricks, and said evidence was not in terms offered for any particular purpose. *Held,* that said evidence could not be resorted to by the defense to sustain an equitable right of possession not pleaded in the answer.

Illegal Foreclosure of Mortgage—Possession.

> Under the statutes of this state governing mortgages of realty a mortgage conveys no title or estate in the land. Nor does such mortgage, either before or after condition broken, give the mortgagee or his assigns a right to the possession of the mortgaged premises, without the consent of the mortgagor, until after a lawful foreclosure is perfected. Accordingly, *held,* that the defendants, who took possession of the plaintiff's land without his consent, either express or implied, and did so under color of a mortgage foreclosure proceeding by advertisement, which was illegal and wholly void, were unlawfully in possession of the land.

Right to Maintain Ejectment.

> *Held,* further, that the plaintiff, who gave the mortgage, and who is the owner of the land, can maintain an action to eject the defendants from their unlawful possession, and do so without paying the mortgage debt.

Judgment for Plaintiff.

> *Held,* further, that the judgment dismissing the action must be reversed, and judgment entered for the plaintiff.

Appeal from District Court, Ramsey County, *Morgan,* J.

Action by Peter J. McClory against B. S. Ricks and Ole Olson. Judgment for defendants, and plaintiff appeals. Reversed.

*M. H. Brennan,* for appellant.

*Siver Serumgard, (Cochrane & Corliss,* of counsel), for respondents.

WALLIN, C. J. This action was tried without a jury, and the trial court entered judgment dismissing the action. The plaintiff has appealed from such judgment, and a trial of the entire case anew is demanded in the statement of the case. The action is in the nature of an action of ejectment, and is brought to recover the possession of a quarter section of land described in the complaint and situated in the county of Ramsey, N. D. The complaint alleges that the plaintiff on the 30th day of March, 1896, was seized in fee of the land in question and was then in possession thereof, and entitled to the possession; that later, and on the 19th day of October, 1896, and while the plaintiff was seized of the title and in possession of the land, the defendants without right or authority of law, entered into the possession of said premises, and ousted the plaintiff therefrom, and that the defendants now unlawfully withhold possession thereof from the plaintiff. Judgment for the delivery of the possession to plaintiff, with costs, is demanded. Defendants answer jointly, and deny each and every allegation of the complaint, and allege that the defendant B. S .Ricks is the owner of the land in fee simple, and was such owner when the action was commenced and on the 19th day of October, 1896, and that said defendant Ole L. Olson was at said date and long prior thereto in possession of the land with the consent of said defendant B. S. Ricks. Said answer of the defendants also pleads and sets out the source of their alleged title in fee, but, inasmuch as the defendants' counsel do not contend in this court that their alleged claim of title in fee is sustained by the evidence offered at the trial, it will be unnecessary, in deciding the case, to do more than briefly mention the foundation upon which the defendants have based their defense of title in fee in the defendant Ricks. It appears that the plaintiff was on and prior to August 4, 1884, the owner of the land, and that on that day, and to secure the payment of a note of $350 due November 1, 1889, to one Eben D. Whitcomb, the plaintiff executed and delivered to said Whitcomb his certain mortgage upon the land in suit. The mortgage contained the usual power of sale on default, but did not contain a stipulation that the mortgagee could take possession of the land before foreclosure of the mortgage. The plaintiff made default in the payment of interest, and pursuant to the power contained in the mortgage the mortgage was attempted to be foreclosed by advertisement under the statute, and pursuant thereto a pretended foreclosure sale of the land was made on May 26, 1886. There was no redemption

from said sale, and on the 29th day of October, 1887, a sheriff's deed, based upon said sale, was delivered to Eben D. Whitcomb, the morgagee, who was the purchaser at the sale. It is conceded that said attempted foreclosure was irregular and void, and that the purchaser acquired no title to the land by the attempted foreclosure or by the sheriff's deed. But it further appears that said Eben D. Whitcomb, by deed of warranty executed and delivered by him on September 14, 1895, attempted to convey said land to one Albert M. Powell, which deed was regularly recorded. It further appears that on the 29th day of October, 1895, the said Albert M. Powell, by an instrument in writing agreed to sell said land to the defendant Ole L. Olson, and that Olson took possession of the land under said agreement. Later, and on August 25, 1896, Powell, by a deed of warranty executed and delivered by him, conveyed or attempted to convey the land to the defendant B. S. Ricks, said conveyance being made subject to the rights acquired by said Olson by said agreement in writing previously made with said Albert M. Powell as above stated. The record discloses the further fact that two tax deeds describing the land,—one made by the county auditor of Ramsey county, and one made by the county treasurer of Ramsey county,— were put in evidence to sustain the defendants' allegation of ownership of the land in fee simple, but it is conceded that the assessments of the land upon which the deeds are based were respectively illegal and void, and that the tax deeds therefore do not operate to convey any title or interest in the land to the defendants, or to either of them. This narrative of the uncontroverted facts in the record will suffice to show that neither of the defendants is seized of a fee title to the land, and, as has been said, counsel for the defendants do not claim in this court that the allegations of a fee title in the defendant Ricks as pleaded in the answer are sustained by the evidence. The plaintiff's title in fee at the time of the execution and delivery of the mortgage is established by the evidence, and is not disputed upon the facts in this record; therefore we have no difficulty in reaching the conclusion that the plaintiff is now the owner of the land in fee simple, and that the plaintiff was such owner at the commencement of the action. The evidence shows that Powell, on receiving his deed from the mortgagee, took possession, and that about one month later he contracted to sell the land to the defendant Olson. The contract of sale to Olson was made in October, 1895, and upon its execution Olson took possession of the premises, and was in possession thereof under said contract when the action was commenced. But the undisputed evidence shows that plaintiff informed Olson before his purchase from Powell that he (the plaintiff) was the owner of the land. The undisputed evidence further shows that in October, 1895, and soon after Olson entered into posesssion, the plaintiff saw Olson, and informed him that he (Olson) was a trespasser on the land. Plaintiff testifies positively that he never at any time or in any manner consented to Olson's possession and never surrendered possession

or gave possession to either or any of the defendants. Nor is this evidence disputed. The evidence further shows that the mortgagee, Whitcomb, never personally took possession of the land, and there is neither allegation nor proof that Whitcomb was ever in possession, or that he assumed to transfer any actual possession to his grantee, Albert M. Powell, or to any other person.

Upon this state of facts the trial court found as a conclusion of law that the action should be dismissed, and a judgment of dismissal was entered. The findings, however, do not show that the court found as a conclusion of law upon the facts or the evidence that the defendant Ricks was the owner of the land. Nor could any such conclusion of law be sustained. The trial court, however, found as a fact that after the execution of the mortgage the plaintiff neglected to pay any taxes on the land, and that plaintiff had not, when the action commenced, paid the debt secured by the mortgage, except one installment of interest. The trial court further found that after the year 1887 the plaintiff had performed no acts of ownership as to the premises except to visit the land occasionally when in the vicinity. These findings are supported by the evidence, and, while the fact is not so stated in the findings of the court below, we must infer that the trial court based its legal conclusion that the plaintiff could not recover upon the said findings of fact.

In this court the respondents' counsel rest the defendants' alleged right of possession exclusively upon the legal theory that the defendants are in the position of a mortgagee in peaceable and lawful posesssion, and this assumption rests upon the proposition that the defendants who hold under the mortgagee—who was the purchaser at said void foreclosure sale—are entitled to be subrogated to the rights of a mortgagee in possession. Hence our further inquiries must have reference to the respondents' theory that defendants are entitled to the rights of a mortgagee in possession. As to this we remark, first, that this theory has no foundation either in the pleadings or in the evidence offered at the trial. By their pleadings the parties respectively have based their alleged right of possession upon a fee-simple title, and upon that only. There is neither an averment of fact nor a suggestion in the pleadings of any right to possession based upon any equity whatsoever. Nor is there an averment in the answer that the defendants have taken possession of the plaintiff's land by the plaintiff's consent or permission. On the contrary, all of the averments in the answer and all the evidence in the case clearly point to the conclusion that the defendants took possession of the land under a claim of absolute title and ownership based upon the sheriff's deed and the deeds made by Whitcomb and Albert M. Powell. No claim is made that the deed from Whitcomb undertook on its face to do more than convey the title of the land with the usual covenants; nor is it alleged that Whitcomb at any time actually transferred the note or mortgage to any person, or the debt secured thereby. It therefore appears that the defense in this court is some-

thing widely different from that which was originally set up as grounds of defense. The defense pleaded was strictly a legal defense, and that urged in this court is strictly an equitable defense, and one not pleaded. Under the statute a defendant is at liberty to set out by answer as many defenses as he has, whether the same are legal or equitable; but it is elementary that any substantial defense must be pleaded in order to furnish a ground of relief. This is strictly true in pleading a title or an equitable interest in real estate as a defense to an action at law to recover possession. See *Estrada* v. *Murphy,* 19 Cal. 248; *Kentfield* v. *Hayes,* 57 Cal. 409; *Cadiz* v. *Majors,* 33 Cal. 288; *McCauley* v. *Fulton,* 44 Cal. 355; *Williams* v. *Murphy,* 21 Minn. 534; *Powers* v. *Armstrong,* 36 Ohio St. 357. Under this rule, which is an elementary rule of pleading, we are of the opinion that the defendants are not in a position to claim the benefit of the equitable defense which they are now attempting to claim. Had this defense been pleaded, the plaintiff would have had an opportunity at the trial to show any fact tending to disprove the present claim of the defendants. The plaintiff could have shown, if such is the fact, that the note and mortgage was never turned over to Albert M. Powell, and that by an express agreement the same were retained by the mortgagee, to be disposed of by him, or to be made the basis of a future foreclosure. If such is the fact, the defendants would be permitted to show that Albert M. Powell well knew, when he received the deed from Whitcomb, that the foreclosure was void, and that no title passed under the deed; or show that Powell paid nothing for the land. Under such a state of facts Powell would not be in a position to claim that he took possession in good faith under a foreclosure sale. See *Jackson* v. *Bronson,* 19 Johns. 325. But there was no such issue tendered by the answer, and hence the plaintiff could not and did not offer evidence upon any such issue. The evidence actually offered, while insufficient to show title in the defendants, was nevertheless strictly pertinent upon the issue of title; and was not, so far as the record shows, offered for any other or different purpose. We are therefore of the opinion that the equitable defense sought to be interposed in this court by the defendants is not available to them as a defense against the plaintiff's right of possession, which right rests upon a legal title.

This conclusion will necessitate a reversal of the judgment, but this court would reach the same result upon other grounds, which are based upon the statute, and upon the established rules of law in this and in many other states governing the rights of mortgagors and mortgagees with respect to the possession of real estate incumbered by mortgage. It is needless to say that the common-law mortgage never has had an existence either in this state or in the territory of Dakota. At common law the mortgage conveyed the fee, and the mortgagee after default was entitled to the possession, and, having the fee, could maintain ejectment against the mortgagor. Under the statute in this state a mortgage conveys no estate in the

land of any degree or quality. It is a mere lien, given as security, and is of such a nature that it confers no right of possession either before or after default. Nor can possession be taken under a mortgage of real estate until a lawful foreclosure is completed. Section 4714, Rev. Codes, reads as follows: "A mortgage does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage; but after the execution of a mortgage the mortgagor may agree to such change of possession without a new consideration." It is clear that this statute in terms precludes a mortgagee from taking possession of the land before foreclosure under the mortgage unless a clause inserted in the mortgage expressly permits him to do so. Similar statutes are found in many of the states, and the adjudications under such statutes are numerous and uniformly to the effect that the mortgage itself confers no right of possession either before or after default. *Hall* v. *Savill,* 3 G. Greene, 37, 54 Am. Dec. 485; *Wagar* v. *Stone,* 36 Mich. 364; *Kopke* v. *People,* 43 Mich. 45, 4 N. W. Rep. 551; *Morse* v. *Byam,* (Mich.) 22 N. W. Rep. 54; *Rice* v. *Railroad Co.,* 24 Minn. 464; *Newton* v. *McKay,* 30 Mich. 380; *Humphrey* v. *Hurd,* 29 Mich. 44; *Hazeltine* v. *Granger,* 44 Mich. 503, 7 N. W. Rep. 74; *Rogers* v. *Benton,* (Minn.) 38 N. W. Rep. 765, 12 Am. St. Rep. 613; *Willis* v. *Moore,* 59 Tex. 628, 46 Am. Rep. 284; *Spect* v. *Spect,* 88 Cal. 437, 26 Pac. Rep. 203, 13 L. R. A. 137, 22 Am. St. Rep. 314. But it must be conceded that even in states having statutes similar to our own the courts are divided in their views as to the effect to be given to the act of taking possession of the land in cases where the mortgagee or his assignee has, before foreclosure, taken possession, peaceably, but without the consent of the mortgagor. The courts of Wisconsin, which seem to follow the adjudications in the state of New York, hold that in such cases ejectment does not lie in favor of the owner to eject the occupant, and that the mortgagee, under such conditions, can continue in possession until the debt secured by the mortgage is paid. See *Brinkman* v. *Jones,* 44 Wis. 498, and *Hennesy* v. *Farrell,* 20 Wis. 46. It is probable that the learned trial court followed the rule laid down in the cases last cited. But while we entertain the highest respect for the courts which have enunciated this conclusion, we nevertheless find ourselves unable to accept the same as a sound interpretation of the statutes of this state relating to real estate mortgages. We think the language as well as the logic of the statute demands such a construction by the courts as will secure to the mortgagor the right of possession as against the mortgagee and those claiming under him, and this at all times until title is acquired by a valid foreclosure; this, of course, being subject to the further right of the parties, either by an express stipulation inserted in the mortgage, or by an oral or written agreement subsequently made, to agree that the mortgagee shall have possession before forclosure. Nor can we understand—much less indorse—the reasoning of some courts which declare in one breath that a mortgagee before foreclosure

.because he has no title· to the land,·cannot ·maintain ejectment as .against the mortgagor, and in the next breath·declare that when a mortgagee is once in peaceable possession he cannot be ·ejected by the mortgagor. As it appears to us, the right to the possession ot mortgaged premises under such a rule is not to be determined by legal principles, nor yet by the provisions of any statute, but is, on the contrary, controlled by mere fleetness of foot. In the race for the land the party will get and hold the possession who first reaches the . goal, viz., the·actual possession of the land.

The views of the courts in·the cases next cited meet with our full approval, and we shall rest the decision in this action upon the au· thority of said cases and the reasoning contained in them. *Rogers* v. *Benton,* (Minn.) 38 N. W. Reρ. 765, 12 Am. St.̈ Reρ. 613; *Newton* v. *McKay,* 30 Mich. 380; *Galloway* v. *Kerr,* (Tex.· Civ. App.) 63 S. W. Rep. 180; *Shimerda* v. *Whohlford,* (S. D.) 82 N. W. Rep. 393; *Johnson* v. *Sandhoff,* 30 Minn. 197, 14 N. W. Rep. 889.; *Bowan* v. *Brogan,* (Mich.) 77 N. W. Rep. 942, 75 Am. St. Rep. 387. In *Rogers* v. *Benton,* Judge Mitchell, speaking for ,the court uses this language: "It follows necessarily from this that a mortgagee, even after condition broken, ḧas no right or remedy except to foreclose his mortgage; that he cannot, merely under his mortgage, either recover or maintain possession of the mortgaged premises. The only logical rule is that to constitute a 'mortgagee in possession' the mortgagee must be in possession by reason of the agreement or the assent of the mortgagor or his assigns that he have possession under the mortgage and because of it." In *Newton* v. *McKay* the court said: "It would be absurd to hold that there could be a right of possession which could not lawfully be enforced." In *Galloway* v. *Kerr* the following language is used: "The possession of the mòrtgaged premises by the mortgagee, without the consent of the mortgagor or a foreclosure of the mortgage, is wrongful, and it is not necessary for the mortgagor to pay the debt in order to recover. possession of the premises." In the ca'se at bar there is neither allegation, truth, nor claim that the mortgagor consented in any manner to the ·entry upon the premises made by the defendants, nor was there a stipulation in the mortgage giving the mortgagee a right to take possession before foreclosure. Nor have we overlooked the case of *Backus* v. *Burke,* (Minn.) 65 N. W. Rep. 459.

Our conclusion is that the judgment appealed from must be reversed, and the trial court will be directed to reverse the judgment, and enter judgment for the plaintiff as demanded in his complaint. All the judges concurring.    ·

FISK, District Judge. I concur in the foregoing opinion as to the last proposition therein contained, but I express no opinion either way as to the question of pleading, as this question was not raised by counsel, and its determination is not necessary to a decision of the case.

MORGAN, J., having acted as the trial judge in the above action,

took no part in the above decision; Judge C. J. Fisk, of the First judicial district, sitting in his place by request.

88 N. W. Rep. 1043.