### NUGENT v. PETERMAN.

ADVERSE POSSESSION—CHARACTER OF HOLDING—MINORS—NOTICE.
   Where a father deeded land to his daughter as a gift, but remained in possession and paid the taxes several years out of funds in his hands belonging to her, but after her death, leaving infant children, allowed the land to be sold for taxes and purchased it at the sale, limitations would not run against the title of the minor children until actual notice to them of the adverse character of his possession.

Appeal from Jackson; Peck, J. Submitted June 10, 1904. (Docket No. 10.) Decided October 4, 1904.

Bill by Catherine Nugent against Jacob L. Peterman

to set aside a deed. From a decree dismissing the bill, complainant appeals. Affirmed.

*Parkinson & Campbell,* for complainant.

*Charles A. Blair* and *Charles E. Townsend,* for defendant.

MONTGOMERY, J. This case concerns the title to the south 33 feet of lot 2, block 32, of Ford's Extension to the City of Jackson. The father of the complainant, James Nugent, was in 1872 the owner of the whole of lot 2. On April 29th of that year he conveyed the south 33 feet to his daughter, Mary Ferguson, as a gift. Mary Ferguson for a time lived with her husband, Peter Ferguson, in her father's house on the north part of the lot, paying rent for the same. Some stone were landed on the south 33 feet of the lot by Peter Ferguson, the purpose being to build a house thereon. In 1874 or 1875 Mrs. Ferguson removed to Grand Rapids, leaving the premises in charge of her father, who made use of them for a cow and chicken yard, and paid the taxes out of money owing by him to Mrs. Ferguson. In 1877 Mrs. Ferguson died, leaving four daughters, all of whom were minors; the youngest being but a few months of age. No change of possession followed upon Mrs. Ferguson's death. James Nugent continued to occupy the land as before. Peter Ferguson paid the taxes of 1877. The taxes of 1878 were not paid, and James Nugent became the purchaser at auditor general's sale, obtaining his deed in November, 1880. After 1883 the 33-foot strip was assessed to James Nugent until 1893, when for a time it was assessed to complainant. James Nugent, on December 5, 1891, conveyed the 33-foot strip to his daughter, the complainant, who lived with him on the north portion of the lot. James Nugent continued to occupy the entire premises as before until 1898, when he died. The defendant acquired the title of the heirs of Mrs. Ferguson.

It is apparently conceded that the tax title was originally

invalid; the complainant's contention being that the defendant's title had been defeated by adverse possession. The circuit judge ruled against this contention, and complainant appeals.

We think the ruling of the circuit judge should be sustained. The occupancy of James Nugent began in subordination to the title of Mrs. Ferguson, and unquestionably so continued to the time of her decease. The title to to the 33-foot strip then vested in minor heirs of Mrs. Ferguson. There was no ouster as to them by any actual notice, either during their minority or afterwards. There was no change in the character of the occupancy. It is true there is evidence of assertions of ownership made by James Nugent to others, but no notice is brought home to the owners of the legal title, even if such notice would be availing during the minority of the children; there having, clearly, been no ouster of their ancestor. The case is, in many of its features, like that of *Paldi* v. *Paldi*, 84 Mich. 346 (47 N. W. 510), and is ruled by that case.

Complainant's counsel ask what more James Nugent could have done to show his holding to be adverse. The answer is that if the possession held in subordination to the title of the ancestor could be changed into an adverse possession as against these minors, it must also follow that notice of the purpose to so change the holding might have been given to them. Under section 9718, 3 Comp. Laws, these infants were under disability. When they severally attained their majority, notice of adverse holding might have been given, but it was not.

The decree is affirmed, with costs.

The other Justices concurred.