### MICHIGAN AIR LINE RAILWAY v. HUSTINA.

1. ADVERSE POSSESSION—POSSESSION MUST BE HOSTILE AND UNDER CLAIM OF OWNERSHIP.

   To be adverse, possession must be hostile to title owner, and under claim of ownership.

2. SAME—RULE AS TO GRANTOR REMAINING IN POSSESSION.

   Grantor who remains in possession will be regarded as holding premises in subserviency to grantee, and nothing short of explicit disclaimer of such relation and notorious assertion of right in himself will be sufficient to change character of his possession and render it adverse to grantee.

On hostility as essential element in adverse possession, see annotation in 15 L. R. A. (N. S.) 1192.

Error to Oakland; Gillespie (Glenn C.), J.   Submitted June 10, 1931.   (Docket No. 24, Calendar No. 34,511.)   Decided October 5, 1931.   Rehearing denied December 8, 1931.

Ejectment by Michigan Air Line Railway, a Michigan corporation, against George Hustina and another to recover possession of a portion of a railroad right of way.   Directed verdict and judgment for plaintiff.   Defendants bring error.   Affirmed.

*Frederic T. Harward* and *H. Victor Spike* (*Patterson & Patterson,* of counsel), for plaintiff.

*Asher L. Cornelius,* for defendants.

FEAD, J.   The action is ejectment.   Defendants claim title by adverse possession.

In 1880, Thomas Peach conveyed to plaintiff's predecessor a right of way 100 feet wide across lot 4 in Stephen Baldwin's addition to the city of Pontiac, 50 feet on each side of the line of the railway. About ten years later, a fence was erected some 25 feet from the center of the track.   Beyond the fence the balance of the 50-foot strip was marshy, and, in practical effect, constituted part of a field.   There was some indefinite testimony that at times cattle pastured on the 25-foot strip beyond the fence and that it was gardened occasionally.

October 22, 1917, Peach conveyed to his daughter, Emma Nisbett, without excepting the right of way, and, on October 26, 1917, Mrs. Nisbett conveyed to defendants by deed containing the exception:

"Also excepting from said description the right of way and the land used by the Air Line road, so-called."

The fence remained until 1919, when plaintiff tore it down and commenced this suit. Plaintiff had directed verdict and judgment.

There was no evidence that the fence was established as a boundary by acquiescence, nor that Thomas Peach ever made claim of title to the 25-foot strip in dispute.

To be adverse, the possession must be hostile to the title owner, and under claim of ownership. The requirement is particularly strict when applied to a grantor who remains in possession after conveyance, as to whom it is the rule:

"He will be regarded as holding the premises in subserviency to the grantee, and nothing short of an explicit disclaimer of such relation and a notorious assertion of right in himself will be sufficient to change the character of his possession and render it adverse to the grantee." 2 C. J. p. 143.

See, also, *Nugent* v. *Peterman*, 137 Mich. 646; *Paldi* v. *Paldi*, 84 Mich. 346; *Humphrey* v. *Hurd*, 29 Mich. 44.

Peach, not being shown to have held adversely to plaintiff or its predecessor, the questions of tacking and construction of defendants' deed are immaterial.

Judgment is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.