HOGAN *v.* EGYPTIAN PORTLAND CEMENT CO.

1. DEEDS—GRANTOR PARTS WITH ENTIRE LEGAL INTEREST.
   By execution and delivery of deed, grantor therein parts with his entire legal interest in property conveyed.

2. ADVERSE POSSESSION—GRANTOR'S POSSESSION IS IN SUBSERVIENCY TO GRANTEE.
   Possession retained by grantor after deeding property is regarded as holding in subserviency to his grantee.

3. SAME—GRANTOR'S CLAIM MUST BE NOTORIOUS.

Before claim of adverse possession may be made by grantor remaining in possession, there must be absolute disclaimer of right of grantee, and notorious assertion of right in himself.

4. SAME—SUBSEQUENT BONA FIDE PURCHASER.

That grantor remained in possession for 30 years after deeding property is insufficient to establish title in him by adverse possession, as against subsequent *bona fide* purchaser.

Appeal from Livingston, Collins (Joseph H.), J. Submitted January 27, 1932. (Docket No. 155, Calendar No. 36,254.) Decided March 2, 1932.

Bill by William J. Hogan, administrator of the estate of James W. Hogan, and another against Egyptian Portland Cement Company, a Michigan corporation, and others to set aside a deed. Decree for defendants. Plaintiffs appeal. Affirmed.

*Charles C. Conklin* and *Don W. Van Winkle,* for plaintiffs.

*Clark, Klein, Ferris & Cook,* for defendant Peerless Cement Corporation.

SHARPE, J. On July 17, 1900, James W. Hogan and his wife, Sarah A. Hogan, executed a conveyance of a part of their farm (consisting of about 16 acres, described by metes and bounds), in the county of Livingston, to the Egyptian Portland Cement Company, of Detroit, and delivered it to E. D. Kennedy, the secretary and treasurer of the company, receiving therefor a paper on which was written:

"I hereby agree to give to J. W. Hogan and Sarah A. Hogan, his wife, $1,000 in stock, one thousand dollars, said stock to be made out equally between said J. W. and Sarah A. Hogan when stock is issued by the Egyptian Portland Cement Co. Said

stock to be given in consideration of deed of marl lands, given this 14th day of July, 1900.

"E. D. KENNEDY."

The land in question was what was known as "marl land" and suitable for the manufacture of cement. The deed contains a recital that it was executed—·

"for and in consideration of the sum of fifteen hundred dollars, to them in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged."

It was duly recorded on August 2, 1900, and by conveyances, the sufficiency of which is not attacked, the title is now in the defendant the New Egyptian Portland Cement Company, a Michigan corporation.

James W. Hogan died in 1921, and his son, William J. Hogan, is the administrator of his estate. As such administrator, he and his mother, Sarah A. Hogan, filed the bill of complaint herein on August 23, 1930, praying that the deed executed on July 17, 1900, be set aside and the title to the land described therein be quieted in them as owners thereof. Their claim is based upon (1) failure of consideration, (2) failure of the grantee in the deed to institute proceedings for the recovery of the lands, and (3) adverse possession. The trial court found that none of these claims were sustained by the proofs, and entered a decree dismissing the bill, from which they have taken an appeal.

Plaintiffs offered proof tending to show that Kennedy agreed that the deed would not be recorded until the stock mentioned in the writing given Mr. and Mrs. Hogan was delivered to them, and that, so far as Mrs. Hogan knew, it had never been delivered. There is no evidence that the present owner of the property had any notice or knowledge of such an arrangement.

In two quite recent cases (*Van Allsburg* v. *Kooyers*, 250 Mich. 518, and *Michigan Air Line R.* v. *Hustina*, 255 Mich. 418) this court has passed upon the right of a grantor who has remained in possession of the property conveyed to claim title thereto by adverse possession, and has denied him that right. The rule of law relating thereto was first clearly stated in the early case of *Bloomer* v. *Henderson*, 8 Mich. 395 (77 Am. Dec. 453), and has never been departed from. (See citations in the above cases.) What was said in *Stevens* v. *Hulin*, 53 Mich. 93, and in other somewhat similar cases, relied upon by plaintiffs, was not intended to, and may not, be construed as in any way changing or modifying it. In our opinion it is the settled law in this State that by the execution and delivery of a deed of conveyance the grantor therein parts with his entire legal interest in the property, and that possession retained by him thereafter will, as to a subsequent *bona fide* purchaser, be regarded as a holding in subserviency to his grantee, and that before a claim of adverse possession may be made by him there must have been an absolute disclaimer of the right of the grantee and a notorious assertion of right in himself.

The facts in this case are quite similar to those in *Van Allsburg* v. *Kooyers, supra.* Plaintiffs here claim that the deed was executed without consideration, and that possession had been retained from 1900 to 1930, 30 years, without molestation on the part of the grantee. In that case, the deed was executed without consideration and possession so retained from 1898 to 1929, a period of 31 years.

The decree is affirmed, with costs to appellees.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.