STRAUS *v.* BARBEE.

MORTGAGES—TRUST MORTGAGE—RECEIVERS—ASSIGNMENT OF RENTS AND PROFITS—PAYMENT OF TAXES—STATUTES.

Where trust mortgage, purporting to assign rents, issues, and profits as additional security, was executed prior to effective date of 3 Comp. Laws 1929, §§ 13498, 13499, court had no power to appoint receiver pending foreclosure of mortgage, and, therefore, although mortgagors consented to such appointment, that did not authorize court to order receiver to pay taxes out of rents and profits collected without consent of mortgagors. SHARPE and WIEST, JJ., dissenting.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 12, 1932. (Docket No. 73, Calendar No. 36,786.) Decided March 2, 1933.

Bill by Melvin L. Straus and another, trustees, against E. L. Barbee and others to foreclose a trust mortgage and for appointment of a receiver. From order directing receiver to pay taxes, defendants appeal. Reversed.

*Butzel, Levin & Winston* and *Bulkley, Ledyard, Dickinson & Wright,* for plaintiffs.

*Joslyn, Joslyn & Joslyn,* for defendants.

POTTER, J. Prior to the effective date of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), Meyer Levine and Aaron Witus, together with their respective wives, gave a trust mortgage on lands and premises in Detroit. The mortgage purported to assign the rents, issues, and profits of the mortgagors' property 'as additional security. Default occurred in the payments due on the mortgage, and foreclosure of the mortgage was commenced and a receiver appointed by the court to manage and control the mortgaged property, collect the rents, income, and profits, and account and dispose of them under the legal orders of the court. The parties to the suit consented to the appointment of a receiver. This consent conferred no additional jurisdiction upon the court, a judicial tribunal,—not an arbitrator. Jurisdiction arises from law, and not from consent of litigants. The receiver appointed qualified and acted, and June 2, 1932, had on hand $894.27, when the trial court made an order directing this money be used to pay taxes levied and assessed against the mortgaged real estate. From this order, defendant E. L. Barbee, the owner of the record title of the real estate, appeals. It is claimed E. L. Barbee is only the nominal holder of the title, and the real owner is someone else. We are not concerned with this. 3 Comp. Laws 1929, §§ 12969, 12971.

The mortgagors and subsequent holders of title under conveyances from them were and are entitled to the possession of the mortgaged property, and the rents, income, and profits thereof until fore-

closure sale and the expiration of the equity of redemption. *Wagar* v. *Stone,* 36 Mich. 364. The appointment by the court of a receiver, except under extraordinary circumstances, does not alter this rule. *Hazeltine* v. *Granger,* 44 Mich. 503. The court has no jurisdiction, power, or authority to order, direct, or decree a receiver appointed by the court to take possession of and collect and disburse the proceeds arising from the rents, income, and profits of the real estate mortgaged; to apply the proceeds thereof to the payment of preferred or other creditors. The taxes assessed against the mortgaged property may be a lien against it, but this gives the court no power or authority to direct the application of moneys arising from something not legally mortgaged, upon which the sovereignty has no lien, to the payment of taxes on the mortgaged property so as to relieve it, or the purchasers thereof at mortgage sale, from the lien of the taxes thereon, and thus wrongfully convert property not legally mortgaged to such payment. *Wagar* v. *Stone, supra; Hazeltine* v. *Granger, supra; Union Trust Co.* v. *Charlotte General Electric Co.,* 152 Mich. 568; *Union Guardian Trust Co.* v. *Rau,* 255 Mich. 324.

Decree reversed. Costs to appellant.

McDonald, C. J., and North, J., concurred with Potter, J.

Fead, J. (*concurring in reversal*). I concur with Mr. Justice Potter for the reason that the order appointing the receiver, to which defendants consented, did not authorize the receiver or the court to expend any of the rents and income of the property for payment of taxes. As the court could not appoint a receiver to collect rents and income and make expenditures therefrom without consent of

defendants, the order cannot be, extended beyond its plain terms.

CLARK, J., concurred with FEAD, J.

WIEST, J. (*dissenting*). The court had jurisdiction of the parties. The mortgage assigned the rents. The parties consented to the appointment of a receiver. I think the decree should be affirmed. See *Nusbaum* v. *Shapero*, 249 Mich. 252.

SHARPE, J., concurred with WIEST, J. BUTZEL, J., did not sit.