DETROIT FIDELITY & SURETY CO. *v.* KING.

1. Receivers—When Receiver May Be Appointed.
   Appointment of receiver may be made only as ancillary to other relief sought in bill of complaint.

2. Mortgages—Foreclosure—Appointment of Receiver to Collect Rents—Statutes.
   Where foreclosure by advertisement of mortgage executed in 1922 was pending, appointment of receiver to collect rents and profits of mortgaged property, to exclusion of mortgagor and those claiming under him, was, under circumstances, without jurisdiction, unwarranted, and in direct violation of applicable statute (3 Comp. Laws 1929, § 14956).

3. Same—Accounting.
   Receiver illegally appointed to collect rents and profits of mortgaged property pending foreclosure is required to account, up to time of expiration of equity of redemption, for all moneys so collected; credit being allowed him for money expended for benefit of said property but not for his services.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 20, 1933. (Docket No. 80, Calendar No. 37,152.) Decided June 29, 1933.

Petition by Detroit Fidelity & Surety Company, a Michigan corporation, mortgagee, against William A. King, trustee in bankruptcy for George L. Badder and another, for appointment of a receiver to collect rents, income, and profits of mortgaged property pending foreclosure. Order for plaintiff. Defendants appeal. Reversed, and remanded for accounting.

*Monaghan, Crowley, Reilley & Kellogg,* for plaintiff.

*Hugh G. Allerton* and *Torbert & Allerton,* for defendants.

POTTER, J. George D. Badder, November 23, 1922, gave a mortgage to plaintiff covering real estate in Detroit. July 10, 1930, plaintiff gave notice of mortgage foreclosure sale of the mortgaged premises to be held October 9, 1930, by advertisement. While this advertisement of notice of foreclosure sale was running, and on September 24, 1930, just prior to the date fixed in the advertisement for the sale of the premises, plaintiff applied to the circuit court of Wayne county for a receiver, and the trial court appointed a receiver of the premises, who collected and disbursed the rent, income, and profits of the mortgaged premises, to the exclusion of the mortgagor and those claiming under him, contrary to 3 Comp. Laws 1929, § 14956, which, as repeatedly construed by this court, prohibits the mortgagee, his representatives or assigns, from taking possession of the mortgaged premises until the

title thereto shall have become absolute upon fore-closure of the mortgage. Reliance is placed upon *Nusbaum* v. *Shapero*, 249 Mich. 252, to support the action of the trial court. This case was decided upon the particular facts there involved and is not to be construed as changing, modifying, or abrogat-ing the rule declared by statute and repeatedly rec-ognized by this court. *Union Guardian Trust Co.* v. *Rau*, 255 Mich. 324; *White* v. *Fulton*, 260 Mich. 346; *Equitable Trust Co.* v. *Milton Realty Co.*, 261 Mich. 571; *Bankers Trust Co.* v. *Russell*, 261 Mich. 579. The applicable rule was thus stated in *Na-tional Lumbermans Bank* v. *Lake Shore Machinery Co.*, 260 Mich. 440:

"It seems to be well established that such an appointment can be made only as ancillary to other relief sought in the bill of complaint.

" 'Ordinarily, unless perhaps in the case of infants or lunatics, a suit must be actually pending to justify a court of equity in appoint-ing a receiver.' High on Receivers (4th Ed.), § 17.

" 'As a general rule, a receivership is a purely ancillary remedy and cannot be maintained in a proceeding instituted solely for that purpose.' 23 R. C. L. p. 11.

" 'Unless the case is within a statute providing for the appoint-ment of a receiver upon his application, a general or simple contract creditor who has not reduced his claim to judgment, who has no right or interest in, or lien upon, the property of the debtor, and whose interest or position does not differ from that of any other ordinary creditor, has no standing to obtain the appointment of a receiver of such property.' 53 C. J. p. 29.

" 'The order appointing a receiver was void, for the reason that it was made when there was no suit pending.' *Merchants & Manfrs. Nat'l Bank* v. *Kent Circuit Judge*, 43 Mich. 292, 296.

" 'This appointment of a receiver, even if one could have been appointed at any stage of the case, was absolutely void, as the bill had not been filed and no suit commenced at the time.' *Jones* v. *Schall*, 45 Mich. 379, 380.' "

The appointment of a receiver, under the circum-stances, was without jurisdiction, unwarranted, and in direct violation of the applicable statute. In *Straus* v. *Barbee*, 262 Mich. 113, the mortgage cov-

ered the rents, income, and profits, while the mortgage in this case does not. It was there said:

"The mortgagors and subsequent holders of title under conveyances from them were and are entitled to the possession of the mortgaged property, and the rents, income, and profits thereof until foreclosure sale and the expiration of the equity of redemption. *Wagar* v. *Stone,* 36 Mich. 364. The appointment by the court of a receiver, except under extraordinary circumstances, does not alter this rule. *Hazeltine* v. *Granger,* 44 Mich. 503. The court has no jurisdiction, power, or authority to order, direct, or decree a receiver appointed by the court to take possession of and collect and disburse the proceeds arising from the rents, income, and profits of the real estate mortgaged; to apply the proceeds thereof to the payment of preferred or other creditors. The taxes assessed against the mortgaged property may be a lien against it, but this gives the court no power or authority to direct the application of moneys arising from something not legally mortgaged, upon which the sovereignty has no lien, to the payment of taxes on the mortgaged property so as to relieve it, or the purchasers thereof at mortgage sale, from the lien of the taxes thereon, and thus wrongfully convert property not legally mortgaged to such payment. *Wagar* v. *Stone, supra; Hazeltine* v. *Granger, supra; Union Trust Co.* v. *Charlotte General Electric Co.,* 152 Mich. 568; *Union Guardian Trust Co.* v. *Rau,* 255 Mich. 324."

Decree of the trial court reversed, with costs. A decree will be entered directing the receiver to account, up to the time of the expiration of the equity of redemption, to the mortgagor or his personal representative for the rents, income, and profits of the mortgaged premises in his hands. He will be entitled to credit for the moneys paid, laid out, and

expended by him for the benefit of the mortgaged premises. The receiver is not entitled to compensation from the estate of the mortgagor for his services.

CLARK, SHARPE, FEAD, and WIEST, JJ., concurred with POTTER, J. McDONALD, C. J., and NORTH and BUTZEL, JJ., concurred in the result.