GOLDBERG *v.* TRUSTEES OF ELMWOOD CEMETERY.

1. JUDGMENT—CONSENT—VACATION.
   A judgment by consent cannot ordinarily be set aside or vacated by the court without the consent of the parties thereto since it is not the judgment of the court but the judgment of the parties.

2. SAME—CONSENT—VALIDITY—JURISDICTION.
   A consent decree, to be valid, must come within the jurisdiction of the court and cannot confer jurisdiction where the law confers none.

3. COURTS—JURISDICTION—CONSENT.
   Parties may not, by consent, deprive a court of jurisdiction conferred by statute.

4. MORTGAGES—MORATORIUM—MODIFICATION OF ORDERS.
   Valid orders entered in suits to obtain moratorium relief are subject to being set aside or modified upon appropriate proceedings taken therefor.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 7, 1937. (Docket No. 54, Calendar No. 39,680.) Decided November 10, 1937.

Bill by Albert Goldberg and wife against Trustees of Elmwood Cemetery, a Michigan corporation, for moratorium relief in mortgage foreclosure proceeding. From amended moratorium order, plaintiffs appeal. Affirmed.

*Samuel H. Rubin (Melba Rubin,* of counsel), for plaintiffs.

*Dykema, Jones & Wheat,* for defendant.

POTTER, J. Defendants foreclosed by advertisement a mortgage upon premises of plaintiffs, who filed a bill in equity to obtain benefits under the

moratorium act of 1933 (Act No. 98, Pub. Acts 1933), as amended by Act No. 20, Pub. Acts 1934 (1st Ex. Sess.), and Acts No. 3 and No. 4,* Pub. Acts 1935. An order was entered on April 10, 1935, based upon the order to show cause issued therein March 20, 1935. The original order granting moratorium relief recites "defendants having consented to the granting of the relief prayed for." It provides for the payment by plaintiffs of $60 a month. It states:

"This order constitutes the full agreement of the parties hereto and is not to be changed or altered during the moratorium period, excepting upon the default in payments of the plaintiffs."

It restrains the defendants from causing any writ of restitution to be issued for the purpose of procuring possession of the premises described in plaintiffs' bill of complaint while this order shall remain in effect, but in no event until later than March 1, 1937, or until such time as the moratorium act shall be extended by the legislature of the State.

The trial court, May 22, 1937, amended the moratorium order of April 10, 1935, for good cause shown, by increasing the amount of monthly payments to be made by plaintiffs from $60 to $80 a month, because plaintiffs were collecting $80 a month from tenants occupying the premises. Plaintiffs appeal from this order, claiming the court may not modify a consent decree.

On April 10, 1935, the moratorium period had a definite and precise meaning by Acts No. 3 and No. 4, Pub. Acts 1935, approved February 26, 1935, which fixed the limitation of the moratorium period

---

* Act No. 4, Pub. Acts 1935, amends Act No. 314, chap. 30, §§ 25a, 25e, Pub. Acts 1915, as added by Act No. 122, Pub. Acts 1933. Act No. 98, Pub. Acts 1933, has been amended by Act No. 20, Pub. Acts 1934 (1st Ex. Sess.), Acts Nos. 3, 152, 158, Pub. Acts 1935, and Act No. 1, Pub. Acts 1937.

at March 1, 1937. An order entered *nunc pro tunc* as of February 25, 1937, stated "this cause will not abate by reason of the expiration of the effective date" of the acts of 1933 and 1934. This order evi-dently was made in anticipation of the effective date of Acts No. 3 and No. 4, and Act No. 158, Pub. Acts 1935. When it was made does not appear.

A judgment by consent cannot ordinarily be set aside or vacated by the court without consent of the parties thereto for the reason it is not the judgment of the court but the judgment of the parties. *In re Estate of Meredith,* 275 Mich. 278 (104 A. L. R. 348). But a consent decree, in order to be valid, must come within the jurisdiction of the court and cannot con-fer jurisdiction where the law confers none. *Hagar v. Coup,* 50 Mich. 54; *People v. Meloche,* 186 Mich. 536; *Wieser v. Wayne Circuit Judge,* 247 Mich. 52; *Straus v. Barbee,* 262 Mich. 113; *Halkes v. Douglas & Lomason Co.,* 267 Mich. 600; *Orloff v. Morehead Manfg. Co.,* 273 Mich. 62.

Act No. 98, § 2, Pub. Acts 1933, confers jurisdic-tion on the court, for good and sufficient cause, to set aside or modify moratorium orders. The same pro-vision providing for setting aside or modifying moratorium orders, for good and sufficient cause, is found in Acts No. 3 and No. 4; Pub. Acts 1935.

Parties may not by consent deprive the court of jurisdiction which the statute confers upon it. The order *nunc pro tunc* of February 25, 1937, if valid, was subject to being set aside or modified upon ap-propriate proceedings taken therefor. Such pro-ceedings were taken.

The decree of the trial court is affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.