UNION GUARDIAN TRUST CO. *v.* RAU.

1. MORTGAGES—FORECLOSURE—WHEN MORTGAGOR MAY BE DIVESTED OF POSSESSION.

Generally, mortgagee may not divest mortgagor of possession of mortgaged premises until title thereto shall have become absolute upon foreclosure of mortgage.

2. SAME—APPOINTMENT OF RECEIVER—WASTE—FAILURE TO PAY TAXES.

Nonpayment of taxes by mortgagor does not constitute waste entitling mortgagee to appointment of receiver of rents and profits of mortgaged premises under clause in mortgage providing therefor in case of default, where considerable time must elapse before tax title may be acquired and mortgagee has financial interest in mortgage and is not mere naked trustee appointed for protection of bondholders.[1]

Appeal from Wayne; Murphy (Alfred J.), J. Submitted June 10, 1931. (Docket No. 97, Calendar No. 35,793.) Decided October 5, 1931.

Bill by Union Guardian Trust Company, a Michigan corporation, against Litta W. Rau and others for appointment of a receiver under a mortgage. Decree for plaintiff. Defendants Cass appeal. Reversed.

*Bulkley, Ledyard, Dickinson & Wright,* for plaintiff.

*Friedman, Meyers & Keys* (*Sylvan Rapaport,* of counsel), for defendants Cass.

---

[1] See Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499).—REPORTER.

SHARPE, J. On August 16, 1928, the defendant Litta W. Rau executed a promissory note, payable to the plaintiff, in the sum of $100,000, secured by a mortgage on certain real estate in the city of Detroit. Default having occurred in the payment of a part of the principal and of interest and taxes, this bill was filed for the foreclosure of the mortgage. It contained a provision under which the mortgagee in case of default was entitled—

"to the appointment by any competent court or tribunal, without notice to any party, of a receiver of the rents, issues and profits of the said premises with power to lease the said premises, or such part thereof as may not then be under lease, and with such other powers as may be deemed necessary."

Pursuant thereto, the plaintiff petitioned for the appointment of a receiver, and, after notice to the defendants and a hearing thereon, an order was entered appointing the plaintiff, the mortgagee, receiver, of which the defendants here seek review by appeal.

On August 16, 1928, the defendant Litta W. Rau conveyed the premises in question to David R. Cass, now deceased. Gerson Cass, individually and as administrator of the estate of David R. Cass, and Gertie Cass were made defendants as claimants of the interest of David R. Cass in the property.

The right of a mortgagee to dispossess a mortgagor, or one holding under him, in the event of default was before this court in the somewhat recent case of *Nusbaum* v. *Shapero,* 249 Mich. 252. The mortgage in that case ran to the plaintiff as trustee to secure the issue of first mortgage bonds. It contained a provision under which the trustee was entitled to possession in the event of default, and the bill was filed to secure specific performance of this

provision. Plaintiff had decree, and on appeal to this court there was modification thereof, limiting plaintiff's rights to the recovery of sums due for taxes and insurance premiums. In that case, Mr. Justice BUTZEL, speaking for the court, said:

"The law is well settled in this State that, as a rule, a mortgagee may not divest the mortgagor of possession of mortgaged premises until the title thereto shall have become absolute upon foreclosure of the mortgage."

The statute and decisions of this court on which this rule was founded were cited and quoted from at some length, and need not be here repeated. It was thereafter said:

"We do not find the exact question ever passed upon by this court in a case where the facts were similar to the one at issue. We believe, however, that a court of equity should not refuse to lend its aid where defendants have taken property subject to a trust mortgage with provisions similar to the one hereinbefore described, where the public, who have bought the bonds, should be protected, where there is uncertainty in regard to the present owners of the title, where the income from the property is far in excess of the requirements for the upkeep of the property, where there is already an outstanding tax title, and other taxes are not being paid, where insurance premiums are likewise unpaid, and where the mortgagee may have no financial interest in the mortgage except to carry out his duties as trustee."

As will be seen from this statement, decision was based upon the fact that, under a trust mortgage, the plaintiff, being a naked trustee, could not otherwise protect the rights of the bondholders whose interests were dependent upon their security being held intact.

It is urged that "nonpayment of taxes by mortgagor in possession constitutes waste," and that a receiver may be appointed to protect the mortgagee therefrom. Where the mortgagee is a trustee, with no financial interest in the mortgage, such protection may be deemed necessary. But in the case of a mortgagee such as we have here, and considering the time which must elapse before a tax title may be acquired, we see no reason for affording such protection by the appointment of a receiver. See *Jenks v. Horton*, 96 Mich. 13. In *Minnesota Building & Loan Ass'n* v. *Murphy*, 176 Minn. 71 (222 N. W. 516), it was said:

"It clearly appears that the only justification for a receiver is nonpayment of taxes. * * * It has been held that nonpayment of taxes is a species of waste, but although so denominated this sort of waste alone does not justify the appointment of a receiver of the property during the running of the year of redemption. * * * There are no exceptional circumstances connected with the only item of waste found, namely, the nonpayment of the taxes. The amount thereof is not large. If it were a case where the delinquent taxes might ripen into a title before the sale or before the year of redemption expired, a different question as to the consequence of this waste might be presented. But as it appears from this record we must hold the appointment of the receiver unwarranted."

Several cases from that court were cited in support of this holding.

The order appointing a receiver is reversed and set aside, with costs to defendants.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.