Samuel L. Steinberg, as Trustee Under Trust Agreement No. 25, Appellant, v. Kloster Steel Corporation, Appellee.

Gen. No. 35,717.

Opinion filed March 28, 1932.

BERNARD J. BROWN, for appellant.

WINSTON, STRAWN & SHAW, for appellee; HAROLD A. SMITH and ANTHONY L. MICHEL, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff caused a judgment by confession on a lease to be entered against defendant for the sum of $3,583.30, the amount of rent which had accrued under the terms of the lease for 10 months, namely, from October 1, 1930, to July 1, 1931. The lease was dated July 16, 1929, and the judgment was entered on

July 12, 1931. On July 31 thereafter defendant made a motion that the judgment be set aside. The motion was supported by an affidavit which set up a defense upon the merits, and on August 19, 1931, an order was entered that the judgment confessed should be opened and defendant given leave to appear and defend and that the judgment should stand as security and the affidavit filed in support of the motion should stand as an affidavit of merits. The cause was tried by the court. There was a finding in favor of defendant and judgment for costs against plaintiff, which he seeks to reverse by this appeal.

It is urged that the court erred in receiving evidence offered by defendant over plaintiff's objection, but as the trial was by the court, this assignment of error, even if well taken, would not require a reversal, if (as we hold here) there is other competent evidence in the record sufficient to sustain the finding.

The defense set up in the affidavit of merits was in substance that of payment, and the facts in connection therewith were stated to be that on July 12, 1927, Jesse M. DeBeck was the owner of the leased premises and that on that date he executed a certain junior trust deed to Samuel H. Rosenthal as trustee to secure the payment of 30 principal promissory notes of even date, duly signed and delivered, for the sum of $7,000; that notes numbered 1 to 29, inclusive, for $125 each, were due and payable beginning on August 12, 1927, and every month thereafter, and note No. 30 for $3,375 was due and payable on or before January 12, 1930, with interest at six per cent per annum, payable at the office of the trustee or at any other place which he might appoint.

This trust deed contained the following paragraph:

"It is Further Agreed, That as further and additional security hereto said grantors agree to assign and by these presents, do assign, all the rents, issues

and profits arising or to arise out of said premises to the said grantee herein and authorize him, in his own name, as assignee or otherwise, to receive, sue for or otherwise collect such rents, issues and profits, to serve all notices which may be or become necessary, to institute forcible detainer proceedings, to receive possession, to rerent and re-lease said premises, or any portion thereof, for such term or terms and on such conditions as he may deem proper, and apply the proceeds thereof, First, to the payment of the expenses and charges against said property; Second, to the payment of interest and expenses of this trust including advancements, if any, and, Third, to the payment of the principal sum hereby secured, rendering the overplus, if any, to the undersigned when the indebtedness hereby secured shall have been fully paid and cancelled.'' This trust deed was duly delivered and recorded in the recorder's office of Cook county. The equity in the property was conveyed by DeBeck to plaintiff, who thereafter leased the premises to defendant for a term and upon the reservation of rent to be paid, as set forth.

The affidavit of merits also avers that the Madison & Kedzie State Bank became the owner and holder of notes Nos. 9 to 30, inclusive, falling due on the 12th day of each month beginning April 12, 1928, to and including January 12, 1930, prior to the maturity of the notes; that although demand for payment of these notes was made, neither principal nor interest was paid; that there is due and owing from the maker of the notes to the Madison & Kedzie State Bank the principal amount of said notes, plus interest; that the trust deed also provides that in case of default and foreclosure ''the grantor waives all right to the possession of and income from said premises pending such foreclosure proceedings, and until the period of redemption from any sale thereunder expires.''

The affidavit of merits avers that on June 30, 1930, foreclosure proceedings were instituted in the circuit court of Cook county and that on that date the Madison & Kedzie State Bank entered into possession of the premises and under and by virtue of the provisions of the trust deed, collected the rents from the premises from defendant which are claimed in plaintiff's statement of claim; that such payment by defendant to the Madison & Kedzie State Bank was a complete discharge of its obligation to pay rent under the lease.

It was stipulated upon the hearing that the sum for which judgment was confessed was the amount of rent payable under the lease at the time and that no part of that amount had been paid to plaintiff. Plaintiff was represented by Mr. Brown and defendant by Mr. Smith. The following colloquy occurred:

''Mr. Brown: We will stipulate the facts set out in your petition, except the conclusions of law, are true.

Mr. Smith: That is right.

Mr. Brown: In other words, we stipulate all the facts set out in your petition, except the conclusions of law, are the facts in the case so far as the defendant is concerned.

Mr. Smith: We do not have to offer any evidence.

Mr. Brown: That is right. You do not need to.

Mr. Smith: Well, there is just one thing. I want to show that the Madison & Kedzie State Bank in this case was in possession as the agent of the trustee under that mortgage; that the trustee told the bank to go into possession and collect the rents.

The Court: The payment by the defendant to the Madison Kedzie State Bank was a complete discharge of its obligations to pay rent under the lease, and you rely upon that. You rely for that statement upon the order issued by the Circuit Court in the foreclosure proceeding.

Mr. Smith: Yes. There was no specific order directing them to pay, but under this mortgage they went into possession and collected the rent.

Mr. Brown: It purely becomes a question of law whether they had the right to take possession under the trust deed. There was no order.''

Thereafter, the trustee was called as a witness and undertook to testify in regard to a conversation with a person at the Madison & Kedzie State Bank. In the course of that examination, the following took place:

''Mr. Brown: Not only that, your Honor, but if counsel will try to understand my simple English, I stated that I will admit all the facts pleaded in the affidavit of defense, except the conclusions of law. That eliminates any necessity of putting on any witnesses.

The Court: Was there any money due and owing on these notes on July 16, 1930?

Mr. Brown: Your Honor, I have admitted in my stipulation.

The Court: That there was.

Mr. Brown: I stipulated that every fact alleged in the petition in support of the motion to vacate that judgment is admitted by the plaintiff, except the conclusions of law.

Mr. Smith: All right.

Mr. Brown: Now, then, I thought that would eliminate the necessity of any witnesses being introduced.

Mr. Smith: All right.

Mr. Brown: If you want to go to trial on that, I won't cross-examine your witness. Strike out the testimony and go to the question of law.

Mr. Smith: The only thing I wanted to offer in addition to that was to show how the Madison & Kedzie Bank went into possession.

Mr. Brown: You have pleaded how. I thought we admitted.

Mr. Smith: No, I have not stated that they went into possession under authority given by this man.

The Court: This man is trustee.

Mr. Smith: That is right.

The Court: Under that trust deed.

Mr. Smith: That is right.

The Court: This evidence may stand.

Mr. Brown: That is all.

Mr. Smith: That is all. Now with the admission that all the things in the affidavit are true, that is my case.''

Such being the state of the record, we think that it must be conceded as facts that the Madison & Kedzie State Bank went into possession of these premises under and by virtue of authority by Rosenthal, the trustee named in the trust deed, on June 30, 1930, and that the bank thereafter remained in possession and collected the rents as provided for by the lease for and in behalf of the trustee. The sole question for our decision therefore is whether the payment of these rents to the mortgagee and agent of the trustee in possession was right and legal and a proper payment which exonerates the lessee from making any other or further payments to the lessor.

Plaintiff urges the proposition that the bank was without authority to collect the rents under the terms of the assignment contained in the trust deed, and he cites to this point *St. Louis Union Trust Co. v. Wabash, Chester & Western R. Co.,* 258 Ill. App. 9, in which case the opinion states, ''It is a well-settled rule of law that a mortgagor is entitled to the rents and income from the mortgaged property for his own use until a receiver is actually appointed,'' and *Rohrer v. Deatherage,* 336 Ill. 450, where the court in substance stated that the inclusion in a mortgage of the rents, issues and profits of the land ''would not alone de-

prive the mortgagor of the right to receive the rents for his own use until the mortgagee took some steps to enforce his lien upon the rents and profits.'' Neither proposition has ever been questioned. *Frank v. Siegel,* 263 Ill. App. 316. In the *St. Louis Union Trust Co.* case, it does not appear whether the trust deed assigned the rents, issues and profits but it does appear that the same were conveyed by the mortgage under consideration in the *Rohrer* case. This court has consistently held that such conveyance of the rents and profits of land to a trustee by way of security for an indebtedness is valid and legal and that the rents and profits when so conveyed ''constitute a primary fund equal with the land for the payment of the debt.'' (*Greenebaum Sons Bank & Trust Co. v. Kingsbury,* 248 Ill. App. 321.) It is not necessary to again discuss the long line of authorities cited in the opinion filed in the *Greenebaum* case. Where rents and profits are thus assigned as security the rights of the trustee, or the mortgagee, are not exclusively by way of an appointment of a receiver, although it is undoubtedly true that until the mortgagee, or the trustee, has taken affirmative steps to enforce his lien upon the rents and profits, the mortgagor, even after condition broken, is entitled thereto. That is the holding as we understand it in the *Rohrer* case which again recites the well-established law that after condition broken the mortgagee is as between him and the mortgagor the owner of the fee; that the mortgagor cannot make a lease of the mortgaged premises which will give greater rights than he himself possesses or interfere with the right of the mortgagee to enter under condition broken.

As was stated in the opinion in that case:

''Upon default in the condition of the mortgage the mortgagee has the right to possession against the mortgagor, his grantee, lessee or anyone claiming under him by any right. In such case the mortgagee has several remedies which he may pursue to enforce the

payment of his debt. He may sue the mortgagor in assumpsit for a judgment upon the personal obligation; he may sue in equity for the foreclosure of the mortgage; or he may recover the possession of the mortgaged property by an action of ejectment. These remedies are concurrent or successive, as the mortgagee may deem proper, and he may pursue any two or all three of the remedies simultaneously. (*Bradley v. Lightcap,* 202 Ill. 154; *Fish v. Glover,* 154 id. 86; *Harper v. Ely,* 70 id. 581; *Rogers v. Meyers,* 68 id. 92; *Carroll v. Ballance,* 26 id. 9; *Vansant v. Allmon,* 23 id. 26.)''

Plaintiff also contends that the Madison & Kedzie State Bank had no authority to take possession of the premises after the bill to foreclose the trust deed had been filed, citing in support of this contention the same cases. The rights of a trustee (under a trust deed) to whom an assignment of the rents, issues and profits was made, have received careful and quite thorough consideration in the recent case of *Altschuler v. Sandelman,* 264 Ill. App. 106, where it was in substance held that the right of a mortgagee to the possession of premises after condition broken was of such nature that he had a right to take possession even as against a receiver appointed by the court on a bill filed by a junior mortgagee. We think there can be no doubt of the right of the Madison & Kedzie State Bank to take possession of the premises at the request of the trustee after default by the mortgagor.

Plaintiff also contends that there was no evidence tending to show that anything was due on the debt and cites authorities to the effect that the title which such trustee or mortgagee takes is held as security for the debt and that when the debt is paid the rights of the grantee are at an end. *Bradley v. Lightcap,* 201 Ill. 511; *Theiner v. Speckin,* 290 Ill. 181. There is no doubt of that proposition of law, but the facts set up in the affidavit of merits, which plaintiff stipulated

were true, are to the effect that this indebtedness was not paid.

Plaintiff also contends that the payment of the rent to the bank would not discharge defendant for the reason, as he says, that the evidence fails to show affirmatively that the bank was the holder of the indebtedness. It stood in the position of a mortgagee actually in possession, and its rights, so far as this record shows, were unquestioned from the day it took possession.

We hold on the undisputed facts that the defense of payment was established. The judgment will therefore be affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.