EQUITABLE TRUST CO. *v.* WETSMAN.

MORTGAGES—FORECLOSURE—APPOINTMENT OF RECEIVER TO COLLECT RENTS AND PROFITS.

On foreclosure of mortgage not running to mortgagee as trustee, but providing that, in case of default, mortgagee should be entitled to rents and profits, order of court below denying motion for appointment of receiver to collect rents and profits is affirmed, on appeal, by equally divided court.

Appeal from Wayne; Campbell (Allan), J.   Submitted October 20, 1932.   (Docket No. 160, Calendar No. 36,794.)   Decided June 29, 1933.   Rehearing denied August 29, 1933.

Bill by Equitable Trust Company, as trustee, against Joseph Wetsman and others to foreclose a trust mortgage and for appointment of receiver pending foreclosure to collect rents and profits. From order denying appointment of receiver, plaintiff appeals.   Affirmed, by an equally divided court.

*H. R. Martin,* for plaintiff.

*Warren, Hill & Hamblen (William H. Granse,* of counsel), for defendant Guardian National Bank of Commerce of Detroit.

SHARPE, J.   The bill of complaint herein was filed to foreclose a mortgage executed on December 1, 1924, by the defendants Joseph Wetsman and Bessie Wetsman, his wife, and Harry Selzer and Minnie Selzer, his wife, to "the Guaranty Trust Company of Detroit," mortgagee, to secure the payment of 164 bonds, amounting in all to the sum of $120,000. In it the plaintiff alleges that the mortgage was executed and delivered to the "Guaranty Trust Company of Detroit, trustee," and that by an order of the court the plaintiff was "duly appointed successor-trustee under said mortgage."   A copy of the mortgage was annexed thereto.   The appointment of a receiver was prayed for.

The trial court, basing decision on our holding in *Union Guardian Trust Co.* v. *Rau,* 255 Mich. 324, denied the motion therefor.   Plaintiff has appealed.

The mortgage did not run to the mortgagee as trustee, nor do we find any provision in it creating such a relation. *Nusbaum* v. *Shapero,* 249 Mich. 252, is not applicable to the facts here presented.

Order affirmed. Costs to appellees.

Clark, North, and Wiest, JJ., concurred with Sharpe, J.

McDonald, C. J. This bill was filed by the plaintiff as successor-trustee to the Guaranty Trust Company of Detroit, to foreclose a real estate mortgage given by defendants Wetsman and Selzer on December 1, 1924, to secure a bond issue of $120,000, and for the appointment of a receiver to prevent waste. As holder of a second mortgage, the Guardian National Bank of Commerce of Detroit was made a party defendant. On the mortgaged premises there is a building known as the "Orlando Hotel." The mortgage provides that in the event of default the mortgagee shall become entitled to the rents and profits, accrued and to accrue, that the mortgagors shall pay all taxes before any penalty or forfeiture attaches; that the mortgagors shall keep the premises insured; that they shall refrain from waste and keep the premises in good repair. The mortgage also authorizes the trustee to collect the interest and principal on the bonds, of which there are $99,333.18 in amount now outstanding, and, in the event of default, to institute foreclosure proceedings.

It is alleged in the bill that the mortgagors are in default; that they have paid nothing on the mortgage since July, 1930; that they have neglected to pay the city, county, and State taxes for the years 1929, 1930, and 1931, aggregating, without penalties, in excess of $11,600; that for the 1929 city taxes the premises have been sold to one Faust of Cleveland, Ohio; that they have neglected and refused to pay the insurance premiums amounting to $1,358.51, and

that they have failed to keep the premises in good repair and fit for rental.

It is the plaintiff's contention that the mortgagors' default in respect to these matters constitutes waste and entitles it to the appointment of a receiver to collect the rents and to preserve the property for the protection of the bondholders.

It is the defendants' contention that the provision in the mortgage assigning the rents and profits is unenforceable and invalid inasmuch as the mortgage was executed prior to the effective date of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499); that the matters relied on by the plaintiff as constituting waste are not sufficient for that purpose, and, in view of the facts and circumstances, the court was without authority to appoint a receiver.

On the hearing the court refused to appoint a receiver, and from the order entered the plaintiff has appealed.

Prior to 1843, it was the practice for courts of equity in this State to appoint a receiver of mortgaged premises on a showing that the premises were not sufficient security for the mortgage debt and that the mortgagor was insolvent. In 1843 there was enacted the so-called ejectment statute (3 Comp. Laws 1929, § 14956), which, the court held, secured to the mortgagor possession of the premises and the rents and profits therefrom until foreclosure proceedings were completed. See *Wagar* v. *Stone,* 36 Mich. 364.

Under this statute, it was held that a provision in the mortgage providing that on default the mortgagee should be entitled to the rents and profits and the appointment of a receiver of the mortgaged premises was invalid and unenforceable. *Hazeltine* v. *Granger,* 44 Mich. 503.

In 1925, the policy of the law in respect to the appointment of receivers for mortgaged premises was changed by legislative enactment, Act No. 228; Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499.) This act applies to trust mortgages, and is authority for the appointment of a receiver when the mortgage contains an assignment of the rents and profits to the trustee for the benefit of bondholders. However, this statute does not apply in the instant case, because it did not become effective until after the present mortgage was executed. We must, therefore, look elsewhere for authority to appoint a receiver in this case. We find it in *Nusbaum* v. *Shapero,* 249 Mich. 252.

In that case it was held that, regardless of the statute of 1925, the courts had authority to appoint a receiver for trust mortgage premises when the circumstances called for equitable relief, such as physical waste, failure to pay taxes, and to keep the premises insured; whereby the security is endangered or destroyed. Similar conditions to those upon which in *Nusbaum* v. *Shapero* the court upheld the appointment of a receiver are present in the instant case. There are facts showing the failure to pay taxes, for which the premises have been sold at tax sale, thus threatening the loss of the property and destruction of the security. There are facts showing failure to keep the building insured and to keep it in a condition of repair fit for rental. In other words, the mortgagors have collected the rents, put the proceeds in their pockets, paid nothing on the mortgage debt, paid no insurance premiums, paid no taxes, and have not kept the premises in repair. These acts of the mortgagors impair and threaten to destroy the value of the security and call for equitable relief to preserve and protect the interests of the bondholders.

The trial court seems to have based his refusal to appoint a receiver on the holding of this court in *Union Guardian Trust Co.* v. *Rau,* 255 Mich. 324. That case involved a straight mortgage. This is a trust mortgage. In that case it was held that the acts complained of were not sufficient to constitute waste, but it was not held that, even as to straight mortgages, receivers would not be appointed for physical waste or where the security is about to be lost on sale of the premises for taxes.

The instant case is ruled by *Nusbaum* v. *Shapero, supra.* The order should be reversed, and the cause remanded for the appointment of a receiver in accordance with the prayer of the plaintiff's bill. The plaintiff should have costs.

FEAD, J. (*concurring in reversal*). I concur in the result reached by Mr. Justice McDONALD, but on other grounds.

When given, the instrument at bar was not a trust mortgage. When the mortgagee sold the bonds, it became trustee for the bondholders on foreclosure, both by operation of law and under the power in the instrument to bring the proceedings. Consequently, when the suit was commenced, the instrument, in legal effect, was a trust mortgage, because the holder of the mortgage was trustee for the bondholders. Its character in this respect had been recognized by a court through appointment of a successor-trustee to the original mortgagee. The mortgagee and plaintiff, after sale of the bonds, were in the position described in *Union Guardian Trust Co.* v. *Rau,* 255 Mich. 324, as necessary to set in motion the equitable jurisdiction of the court to prevent waste, under *Nusbaum* v. *Shapero,* 249 Mich. 252.

Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), is not involved either in the respect

of fixing the test of a trust mortgage or the remedies to be extended. The case is one involving wholly the equitable jurisdiction of the court to prevent waste as it existed prior to and irrespective of the act of 1925.

In my opinion, the facts bring the controversy within the *Nusbaum Case* and warrant the appointment of a receiver to collect the income for the purpose of paying taxes and insurance and to prevent waste.

POTTER and BUTZEL, JJ., concurred with FEAD, J.