DETROIT TRUST CO. v. LIPSITZ.

1. MORTGAGES—TRUST MORTGAGE—ASSIGNMENT OF RENTS—RECEIVERS—WASTE.

Where trust mortgage was executed prior to effective date of Act No. 228, Pub. Acts 1925, assignment of rents clause is unenforceable, and no receiver may be appointed pending foreclosure unless waste of sufficient character to endanger security is shown.

2. SAME—WHEN NONPAYMENT OF TAXES JUSTIFIES APPOINTMENT OF RECEIVER.

While nonpayment of taxes is species of waste, it will not justify appointment of receiver for mortgaged property unless there has been tax sale which might ripen into title before mortgage sale or before expiration of redemption period.

Appeal from Wayne; Kilpatrick (Arthur W.), J. Submitted May 31, 1933. (Calendar No. 36,900.) Decided August 29, 1933.

Bill by Detroit Trust Company, a Michigan corporation, as trustee, against Harry Lipsitz and others to foreclose a trust mortgage, for appointment of a receiver, and other relief. From order denying appointment of a receiver, plaintiff appeals. Affirmed.

*Bryant, Lincoln, Miller & Bevan,* for plaintiff.

*Sempliner, Dewey, Stanton & Bushnell* (*Jason L. Honigman,* of counsel), for defendant Harry R. Applebaum, executor of the estate of Isaac Applebaum, deceased.

McDONALD, C. J. This is an appeal from an order denying the appointment of a receiver to possess and conserve the property involved in a trust mortgage foreclosure. The plaintiff is successor trustee to the Federal Bond & Mortgage Company in a trust mortgage indenture executed prior to Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), by defendants, Harry Lipsitz and Sophia Lipsitz, his wife, to secure a bond issue of $265,000. The mortgage contained a stipulation for the appointment of a receiver and assignment of the rents, profits, and income. All of the bonds have been sold to the general public and the proceeds paid to the mortgagors, with which they have erected an 82-room apartment building on the premises. There was default in the payment of instalments of principal, interest, and taxes, and the plaintiff trustee, as authorized by the terms of the mortgage, declared the whole balance to be due, began foreclosure, and asked for the appointment of a receiver. The trial

court refused to make the appointment, and the plaintiff appealed.

Inasmuch as the mortgage was given prior to the effective date of Act No. 228, Pub. Acts 1925, the assignment of rents clause is not enforceable. The mortgagors are entitled to the rents and income of the property during foreclosure until the expiration of the equity of redemption period; and no receiver can be appointed unless waste is shown sufficient to justify the appointment. The waste must be of such a character as to endanger the security. In this case the property is being well managed by a reputable management agency in the city of Detroit. Insurance premiums have been paid and the buildings kept in a reasonable condition of repair. The only waste shown is in the nonpayment of taxes to the amount of approximately $18,000. Nonpayment of taxes is a species of waste, but will not justify the appointment of a receiver unless there has been a sale which might ripen into title before the mortgage sale or before equity of redemption expires. *Union Guardian Trust Co.* v. *Rau,* 255 Mich. 324.

In the instant case the bill for foreclosure was filed in February, 1932. The order denying the appointment of a receiver was entered in August, 1932. At that time there had been no tax sales. If the property is sold for taxes the owners will have a year after sale to redeem. If the foreclosure suit is prosecuted with reasonable diligence it is evident there will be no accrual of tax titles before the equity of redemption expires, and the plaintiff's security will not be endangered. There was not a sufficient showing of waste to justify the appointment of a receiver.

The order of denial is affirmed, with costs to the defendants.

CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.