Charles H. Cashmore, Appellee, v. Olive H. Hanna et al., Appellant.

Gen. No. 8,789.

Opinion filed August 1, 1934.

GERALD C. SNYDER, for appellant; LEWIS D. CLARKE, of counsel.

ALTHEIMER, MAYER, WOODS & SMITH and WILBUR B. BRAZELL, for appellee; WILLIAM F. STRUCKMANN, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from an interlocutory order entered by the circuit court of Lake county appointing a receiver in a proceeding to foreclose a trust deed. The complaint was filed on January 30, 1934, and on the same day a receiver was appointed by the court. On February 2, 1934, the order was vacated and appellee made a motion for the appointment of a receiver, basing his motion on the verified complaint. The motion was heard by the judge on February 3rd, and he entered a second order appointing a receiver, which is the order appealed from.

At the hearing on the motion, the appellant introduced evidence as to the market value of the real estate conveyed in the trust deed for the debt thereby secured. This evidence stands undenied, and it appears therefrom that the real estate is worth $34,000, which is double the amount due the appellee under the promissory notes secured by the trust deed, together with interest due thereon, and including the amount of unpaid taxes and special assessments which are liens against the real estate at the time of the hearing. The allegation of the bill that the real estate is ''scant and meager'' security for the amount due the plaintiff is not sustained by the evidence. If the order appoint-

ing the receiver is to be affirmed, it must be on some other ground than that the security for the amount due the plaintiff under the trust deed is inadequate.

The trust deed was executed by Theodore H. Durst and Marie Durst, his wife, to secure their eight promissory notes totaling $14,000. The notes were made payable to "myself," indorsed by the makers, and the appellee is now the owner of all of the notes. No payment has been made on the principals of the notes. After the trust deed was made, one Florence J. Druce, now deceased, became the owner of the real estate. She demised it to the appellant during her lifetime with a devise over, in contingent remainder in fee, with a double aspect, to other persons.

The trust deed conveys the real estate in question, "together with all the rents, issues and profits of said premises." By their covenant in the trust deed, the grantors thereof agreed "to pay prior to the first day of July in each year all taxes and assessments against said premises." The trust deed provides that in the event of the breach of the agreements mentioned in the trust deed, the whole of the indebtedness secured shall, at the option of the legal holder of the indebtedness become due and payable. The trust deed also provides as follows: "The grantors waive all right to the possession of the income from said premises pending foreclosure proceedings, and until the period of redemption from sale thereunder expires, and agree that upon the filing of any bill·to foreclose this trust deed, a receiver shall at once be appointed to take possession or charge of said premises, and collect such income and the same less receivership expenses, including taxes and assessments, to pay to the person entitled thereto in reduction of the indebtedness hereby secured, or in reduction of any deficiency decree entered in such foreclosure proceeding, or in reduction of the redemption money if said premises be redeemed, or if

not redeemed, to the person entitled to the master's deed under the certificate of sale.''

The trust deed is dated May 12, 1919, and a judicial sale of the real estate under foreclosure cannot be had until 15 months after a decree of sale is entered. Cahill's St. ch. 77, ¶ 18 (sec. 18, ch. 77 as amended by Act of June 11, 1917); Cahill's St. ch. 77, ¶ 33 (sec. 32, ch. 77, Smith-Hurd Rev. Statutes). Consequently there will be no person entitled to a master's deed under a certificate of sale. The question of the right of a purchaser at a foreclosure sale, to rents of the property during the redemption period, is not involved. (See *Standish v. Musgrove,* 223 Ill. 500.) If the order appointing the receiver is affirmed, he will have the power, under the direction of the circuit court of Lake county, to pay any taxes and special assessments now due and those that may become due before the expiration of the 15 months. *Verst v. Foreman-State Trust & Savings Bank,* 270 Ill. App. 484; *Powell v. Voight,* 348 Ill. 605. As the rents of the premises are pledged by the trust deed as security for the debt thereby secured, the appellee was not bound to prove that the makers of the trust deed are insolvent in order to be entitled to have a receiver appointed. *Bagley v. Illinois Trust & Savings Bank,* 199 Ill. 76.

The trust deed also provides that in the event of the failure of the grantors to pay taxes and special assessments against the premises, then the trustees, or the holder of the indebtedness secured thereby, may pay the taxes and assessments and all money so paid shall be additional indebtedness secured by the trust deed. This provision of the trust deed imposes no obligation on the trustee or the holder of the indebtedness to pay the taxes. *Parsons v. East St. Louis Gas Light & Coke Co.,* 108 Ill. 380.

On the hearing for the appointment of the receiver it was stipulated by the parties substantially as fol-

lows: That the property in question consists of a lot with a brick building of two stories and basement located thereon, and is used for stores and offices, situated in the City of Waukegan; that the trust deed is dated May 12, 1919, in the principal sum of $14,000 and matured on May 12, 1924, and has been extended; that the basement consists of a barber shop and furnace room; that the first floor is occupied by doctors and dentists; that the taxes on the real estate to the amount of $791, the general 1932 taxes, have been forfeited and have not been redeemed; that special assessments in the amount of $198 for three instalments, have been forfeited and not redeemed; that the above amounts do not include penalties, interest and costs; that no interest has been paid on the debt since November, 1932. The evidence shows that in 1933 the gross income from the building was $2,736 and that the total expenses of the building, including operating cost and taxes were $1,111, leaving a net income of $1,625.

It appears from the fourth assignment of error that the appellant takes the position that in a foreclosure proceeding "no receiver should be appointed when the security is adequate." On the other hand, the appellee maintains that since the trust deed pledges the rents of the real estate conveyed as security for the payment of the notes and the performance of the covenants therein, and, there being a breach of the covenant of the trust deed that the taxes and the special assessments against the real estate should be paid by the grantors and their successors in title, the appellee is, in equity, entitled to have his security protected against the creation and enforcement of superior liens for unpaid taxes and special assessments. To afford this protection a court of equity will make effective the covenants in the trust deed waiving the right to possession and the right to the rentals and authorizing the appointment of a receiver.

A court of equity in a foreclosure proceeding has inherent power to appoint a receiver *pendente lite.* The exercise of this power rests within the discretion of the court, and the determination of the question of the appointment of a receiver cannot be predetermined, or controlled, by the agreement of the parties to the trust deed or mortgage which is being foreclosed. *Chicago Title & Trust Co. v. Mack,* 347 Ill. 480; *Firebaugh v. Seegren,* 269 Ill. App. 47. A court of equity will not enforce a covenant of a trust deed providing for the appointment of a receiver to collect the rents of the premises conveyed should it be unconscionable or unnecessary to do so, although the trust deed pledges the rents as a primary fund as security for the debt. The appointment of a receiver in a foreclosure proceeding is remedial in character and not a contract right which will in all cases be enforced by a court of equity. The above statement of the law is an epitome of the decisions in the recent cases. *Frank v. Siegel,* 263 Ill. App. 316; *Althausen v. Kohn,* 222 Ill. App. 324; *Wolkenstein v. Slonim,* 270 Ill. App. 473. Even after condition of the trust deed is broken, the grantor, or mortgagor, is entitled to the rents and profits pledged, until the trustee, or mortgagor, takes affirmative steps to enforce his lien upon the rents and profits. *Steinberg v. Kloster Steel Corp.,* 266 Ill. App. 60; *Consumers Bond & Mortgage Co. v. Sadin,* 266 Ill. App. 141. A motion for the appointment of a receiver being addressed to the discretion of the court, a receiver should not be appointed except upon equitable grounds and for substantial reasons.

The grounds for the appointment of a receiver in this case are that the trust deed pledges the rents as security for the debt and that there has been a breach of the covenant of the trust deed to pay such taxes and assessments prior to the first day of July of each year during the lifetime of the trust deed.

The first ground so advanced for the appointment of a receiver should be given weight by the court. *Bagley v. Illinois Trust & Savings Bank, supra.* The real estate mortgaged in this case is business property and it is not occupied as a homestead. There is no proof that the owners of the property are able and willing to pay the taxes and special assessments which are now a first and superior lien against the property. The said owners have not offered to pay such taxes and assessments or any part thereof. A deficiency decree, in case the property is sold for less than the amount which is to be found due the appellee in the decree of sale to be entered, cannot be rendered against the present owners of the property. There is no proof that Marie Durst, the sole surviving grantor of the trust, is solvent. The record does not contain any information of any estate of Theodore H. Durst, deceased. The trustee named in the trust deed has no financial interest in the trust deed and he is not bound to pay the taxes and assessments against it. As before stated, a judicial sale of the property cannot be made until 15 months after a decree of sale is entered and there will be no redemption after the sale. The taxes and assessment for 1933 will be a further lien on the property. The eight promissory notes secured by the trust deed are negotiable. It was no doubt the intention of the person who originally made the loan of $14,000, for the notes to be sold to several persons as investments. Further considering that it would be the duty of the receiver to pay the taxes and special assessments against the property so that it would be offered for sale, under order of the court, free from such taxes and assessments (*Verst v. Foreman-State Trust & Savings Bank, supra*), we have no doubt that the pledging of the rents as security for the debt, and the performance of the covenants of the trust deed, were strong reasons for making the loan.

It is true that there are decisions which hold that as a general rule a receiver will not be appointed in a foreclosure proceeding because the taxes have not been paid. (*Detroit Trust Co. v. Lipsitz,* 264 Mich. 404, 249 N. W. 892; *Union Guardian Trust Co. v. Rau,* 255 Mich. 324, 238 N. W. 166; 42 C. J. 124.) Still in this case the property has been forfeited to the State. The property in having been forfeited for general taxes and special taxes levied against the same, the county of Lake and the City of Waukegan could at any time bring actions of debt to collect by judgments, the amounts due these corporations respectively for forfeited general taxes and special assessments. If such a proceeding was instituted the sale value of the property at public sale would be greatly lessened.

The order appointing a receiver, under the facts and circumstances disclosed by the record should be, and is, hereby affirmed.

*Affirmed.*